```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**THOMAS J. SAVOCA,**

    **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 2:16-06666**
                                          **(Criminal No. 2:03-00194-01)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the United States to withdraw referral of the case to a magistrate judge and to stay Savoca's case. (ECF No. 296). Savoca has filed a response to the government's motion, indicating that he opposes a stay of this case. (ECF no. 306).

Savoca has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, relying on the holding of Johnson v. United States, 135 S. Ct. 2551 (2015), wherein the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The ACCA residual clause invalidated in Johnson is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2). Savoca was sentenced as a

career offender under the sentencing guidelines and he contends that the Johnson holding should be applied to the career ofender guideline.

On June 27, 2016, the Supreme Court granted certiorari in Beckles v. United States, No. 15-8544, to address three questions: (1) whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines § 4B1.2(a)(2); (2) whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after Johnson.

The government seeks a stay of Savoca's § 2255 motion on the ground that Beckles will likely decide the issues raised herein.  Savoca contends that his motion "should be decided by this Court as quickly as possible" because whether Savoca is "properly categorized as a Career Offender is a significant question with potentially significant consequences to, inter alia, the term of imprisonment imposed for the offense of conviction." ECF No. 306 at p.3.  Savoca's memorandum in opposition to the motion to stay does not specifically address how much time he has

served in custody or the guideline sentencing range that would be applicable if he is granted habeas relief.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In exercising discretion to stay a case, a court "must weigh competing interests." Id. at 255; see also Central W. Va. Reg'l Airport Auth., Inc. v. Triad Eng'g, No. 2:15-cv-11818, 2015 WL 6758233 (S.D.W. Va. Nov. 5, 2015) (Copenhaver, J.). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983); cf. Yong v. I.N.S., 208 F.3d 1116, 1120-21 (9th Cir. 2000) ("habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy").

Accordingly, this court should weigh the interests of judicial economy in granting a stay versus the potential prejudice to Savoca. The BOP's Inmate Locator indicates that Savoca's release date without relief under § 2255 is October 22, 2092. Savoca is currently serving a 384 term of imprisonment imposed by this court, as well as a seventy-year term of imprisonment imposed

3

by the United States District Court for the Northern District of Ohio.  Even if the career offender enhancement is removed from his sentences in both cases, Savoca still faces a lengthy term of imprisonment.  Therefore, he will not be prejudiced by a short stay pending a decision in Beckles, which is expected by mid-June 2017.  Furthermore, given that defendant has a pending motion before the United States Court of Appeals for the Sixth Circuit to file a second or successive petition under 28 U.S.C. § 2255 on the same grounds raised herein, see Case No. 16-3718 (ECF No. 1), a stay of this matter pending a decision in Beckles will help to avoid the possibility of inconsistent results.[*]

Accordingly, given the lack of prejudice to Savoca versus the benefits of staying this matter as discussed above, the motion to stay is **GRANTED** insofar as it requests a stay of this matter pending a decision in Beckles.  However, the motion to withdraw the reference to the magistrate judge is **DENIED**.  The matter is hereby **STAYED** and the Clerk is directed to remove this matter from the court's active docket.  Within seven (7) days of the Court rendering a decision in Beckles, the United States is directed to

---

[*] "The Sixth Circuit favors allowing an inmate who is raising a Johnson/Guidelines challenge to file a successive § 2255 petition, but then recommends the district court stay the action pending Beckles."  United States v. Bacon, No. CR-10-025-JLQ, 2016 WL 4803193, *1 (E.D. Wash. Sept. 7, 2016) (citing In re: Embry, 2016 WL 4056056 (6th Cir. July 29, 2016)).

file a motion seeking to lift the stay and reinstate this matter to the court's active docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 13th day of October, 2016.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge