IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:03-00194-01

THOMAS J. SAVOCA

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's "Motion for Reduction in Sentence Under 18 U.S.C. § 3582".  See ECF No. 383. In that motion, defendant seeks "to expedite his release from the Bureau of Prisons before he succumbs to cancer."  Id.  For the reasons expressed more fully below, that motion is **DENIED**.

I.

On March 4, 2004, after a three-day jury trial, defendant was convicted of both counts of a two-count indictment charging him with aiding and abetting aggravated bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 (Count One), and aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 (Count Two).  See ECF No. 99.  On October 13, 2004, Savoca was sentenced to a 216-month term of imprisonment on Count One and a 168-month term of imprisonment on Count Two, to run consecutive to Count One, resulting in a total term of imprisonment of 384 months.  See ECF No. 131.

Thereafter, on November 15, 2004, Savoca was sentenced in the Northern District of Ohio to a term of imprisonment of 927 months which was ordered to "run consecutive to any previous Federal or State sentence." See ECF No. 101 in Criminal Action No. 1:03-cr-00362 (N.D. Ohio).[1] He is currently housed at FMC Butner and, according to the Bureau of Prisons' website, his current projected release date is February 28, 2091.

In his motion, defendant requests immediate release based upon his terminal cancer diagnosis. According to his filings, he has a release plan in place and wishes to spend his final days near his family in Cleveland, Ohio. Defendant maintains that the BOP has initially approved his request for release from custody but he is coming to this court to "circumvent" the BOP's process and secure an earlier release date.[2] The government opposes defendant's release. See ECF No. 380.

II.

"Once imposed, a prison sentence generally cannot be modified." United States v. Holley, ___ F.4th ___, 2026 WL

---

[1] Those convictions are for another set of bank robberies, bank robbery conspiracy, and using a firearm in connection with those robberies.

[2] To secure immediate release, Savoca would also need to have his sentences imposed in the Northern District of Ohio reduced

1883932, at *2 (4th Cir. July 1, 2026) (citing 18 U.S.C. § 3582(c)).  "Compassionate release is an exception to this rule." Id.  Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is with applicable policy statements issued by the Sentencing Commission[.]" See also Rutherford v. United States, 146 S. Ct. 1320, 1327-28 (2026). A court must consider the applicable sentencing factors under 18 U.S.C. § 3553(a) to the extent they are applicable in determining whether to reduce a sentence under this statute.  See 18 U.S.C. § 3582(c)(1)(A).

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond.  See id. § 3582(c)(1)(A).  Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment."  Id.

---

and he has filed a motion for a sentence reduction in that court as well.

§ 3582(c)(1)(A)(i).  Here, defendant has exhausted his remedies and the court may consider his motion on the merits.

"Defendants are not entitled to compassionate release as a matter of right."  Holley, 2026 WL 1883932, at *2. "The decision to grant or deny compassionate release lies in the sound discretion of the district court."  Id. at *1.

To warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; and (2) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a).

"[T]erminal illness can be an extraordinary and compelling reason for granting a sentence reduction."  Holley, 2026 WL 1883932, at *2; U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(A) (U.S. Sent'g Comm'n 2023).  The court finds that defendant's terminal cancer diagnosis is an extraordinary and compelling reason within the meaning of 18 U.S.C. § 3582 and that he is eligible for a sentence reduction.

However, upon consideration of the § 3553(a) factors, the court concludes that a sentence reduction in this case is not appropriate. These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to

4

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

Applying these factors to defendant, the court finds that granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a). The nature and circumstances of Savoca's offenses, coupled with his history and personal characteristics, weigh heavily against his immediate release from custody.  Defendant and his codefendant, Carlos Santos, entered Traders Bank in Ripley, West Virginia, on July 26, 2003, armed and wearing masks.  During the robbery, Savoca pointed his gun at the back of the head of the bank's manager and forced him to open the vault.  Defendant's participation in an armed bank robbery was extremely serious and

dangerous in and of itself.  However, after that robbery, Savoca and his codefendant fled and, when law enforcement attempted to stop their vehicle, led police on a high-speed pursuit reaching speeds in excess of 100 miles per hour.  Savoca's vehicle was swerving and, according to law enforcement observers, was intentionally striking other vehicles in an attempt to block the pursuing officers.  Savoca's conduct in this case was violent and placed bank employees, police officers, and the general public at risk of serious injury or death.  As the court noted at sentencing, defendant was "one of the worst people that ha[d] ever been in front of me in my 13 years on the bench, and I think what you did in Ripley was despicable, and I think your career is a despicable one, and I think you have totally wasted your life, and it's only the mercy of this court that has kept me from giving you a life sentence here."  ECF No. 153 at 27 (Transcript of Sentencing Hearing, October 1, 2004).

The history and characteristics of the defendant also do not support a reduction in his sentence.  Defendant has a significant criminal history.  At sentencing, he was determined to be a career offender based upon two previous convictions for armed bank robbery.  In addition, the convictions from the Northern District of Ohio for which he is also currently

incarcerated include a string of armed bank robberies. Essentially, armed bank robbery is a way of life for Savoca as he committed his first one at the age of 30 and the instant offense was committed while Savoca was in his early fifties. Defendant's disciplinary record while incarcerated is also cause for concern as it includes infractions for possession of a sharpened weapon and assault with serious injury.[3]

Consideration of the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to adequately deter criminal conduct, and to protect the public from further crimes of the defendant also lead the court to find that reducing Savoca's sentence to time served would not be appropriate. The sentences this court originally imposed satisfied the statutory factors at that time and those sentences remain an appropriate sentence. The only things that have changed are defendant's cancer diagnosis and the fact that he is older. However, the unfortunate reality is that when people commit serious crimes and receive significant sentences,

---

[3] The court requested a copy of defendant's disciplinary record from the probation office in consideration of defendant's motion. The Clerk is directed to file it as an exhibit to this Order.

especially when they are older, they may well die in prison. While the court is sympathetic to defendant's diagnosis, based upon the record before this court, the only way to adequately deter criminal conduct and to ensure the public is protected is for defendant to remain in custody.[4]

III.

Having considered the entire record in this matter, including the parties' filings related to the instant motion, the court concludes that although Savoca has presented an extraordinary and compelling reason that would justify his release, a sentence reduction would not serve the sentencing objectives of 18 U.S.C. § 3553(a).  Therefore, the court **DENIES** Savoca's motion for compassionate release.[5]

---

[4] Given that Savoca has been in BOP custody for more than twenty years, the BOP is obviously in a better position to evaluate Savoca's current dangerousness and it may well come to a different conclusion than the court has.

[5]  Savoca also filed a motion for compassionate release in 2023, alleging that his deteriorating medical condition was an extraordinary and compelling reason supporting his release.  See ECF No. 377.  He pointed to a lower leg infection and an enlarged prostate.  Savoca also cited his desire to donate a kidney to a dying friend, his lower risk of recidivism given his advanced age, and argued that he does not pose a danger to any other person or to the community.  See ECF No. 377-2 at 3.  The court finds that these are not extraordinary and compelling reasons justifying release but, even if they were, the § 3353(a) factors would still compel denial of defendant's motion for the

8

The Clerk is directed to send a copy of this Order to counsel of record and the Probation Office of this court.

It is SO ORDERED this 9th day of July, 2026.

ENTER:

David A. Faber
Senior United States District Judge

---

reasons expressed in this opinion. Accordingly, ECF No. 377 is **DENIED** as is his motion to appoint counsel. See ECF No. 378.